Andrew McLain, J.,
delivered the opinion of the Court.
In this case, Wilson filed his petition for certiorari and supersedeas, alleging that the defendant in error had recovered a judgment against him before a justice of the peace, and that execution had issued and had been levied on his land, there being no personal property on which to levy.
He further states in his petition, that he had previ *155 ously registered his declaration of intention to take the benefit of the law in reference to a homestead, and that the Sheriff had summoned three free-holders to set apart his homestead; and that they had proceeded to do so, and makes exhibit to his petition their certificate, which had been placed in his possession in pursuance of the law on that subject.
He charges that great injustice had been done him; that the land set apart was not worth more than three hundred dollars, when he was entitled to have an amount of land worth five hundred dollars, set apart; that a brother or nephew of one of the Commissioners owned a portion of the judgment referred to in this case.
He prays for writs of certiorari and supersedeas, that these proceedings may be removed into the Circuit Court, and that the levy and execution be stayed and superseded.
His petition was dismissed on motion of the defendant in error; from which judgment of the Court the plaintiff in error has appealed to this Court.
Has the Circuit Court jurisdiction to grant relief in this case?
Section 10 of Article 6, of the Constitution of Tennessee is in these words: “The Judges or Justices of such superior courts of law as the Legislature may establish, shall have power in all civil cases, tp issue writs of certiorari to remove any cause or transcript thereof from any inferior jurisdiction into said court, on sufficient cause, supported by oath or affirmation.”
It will be here observed that a plain distinction is made between superior courts of law and an inferior jurisdiction.
*156 Section 3123 of the Code, provides that the writ of certiorari may be granted wherever authorized by law; and, also, in all cases where an inferior tribunal, board or officer exercising judicial functions, has exceeded the jurisdiction conferred, or is acting illegally, when, in the judgment of the Court, there is no other plain, speedy or adequate remedy. .
Section 3124: Certiorari lies, on suggestion of diminution; when no appeal is given; as a substitute for appeal; instead of audita querta; instead of writ of error.
In the case of Mayor and Aldermen vs. Pearl, 11 Hum., 249, this writ was used to bring into the Circuit Court a distress warrant issued by the Recorder as the Mayor and Aldermen of Nashville; which, on motion in the Circuit Court, was quashed.
In that case, the Judge delivering the opinion of the Court, remarked, that, from the earliest period of our judicial history, the certiorari has had given to it a much more extended application- than in England, and it has been used for purposes wholly unknown to the common law.
It has been adopted with us as the almost universal method by which the Circuit Courts, as courts of general jurisdiction, both civil and criminal, exercise control over all inferior jurisdictions, however constituted and whatever their course of proceeding, as well where they have attempted to exercise a jurisdiction not conferred, as where there has been an irregular or erroneous exercise of jurisdiction; and in criminal proceedings as well as- in civil.
In the case of Durham vs. The United States, 4 *157 Haywood, 181, this writ was used to bring into the Circuit Court the proceedings of a Court-martial.
Now, in the present case, we think there can be no doubt that the Board of Commissioners who set apart the homestead to plaintiff in error were in the ■ exercise of a judicial function. They were determining the rights of the parties in interest under the law. This being so, we.think this proceeding may be brought by certiorari into the Circuit Court; and if these commissioners have transcended their functions and powers, or either of them was incompetent to act as commissioner, the proceeding may be quashed on motion in the Circuit Court.
It is alleged in the petition, that one of these commissioners was a brother or uncle to one of the owners of the judgment.
The Code provides that the officer shall summon three disinterested freeholders, not connected with the parties. The statements of the petition must, on motion to dismiss, be taken as true. If these statements be true, one of these commissioners was incompetent, and the proceeding is illegal and may be quashed.
We therefore think His Honor erred in sustaining the motion to dismiss the petition. The petition, it is true, does not as definitely pray for the relief which we have indicated he would be entitled to upon establishing the truth of the. allegations of his petition ; but the purport of the petition is, that the proceeding was illegal; and it is plain that relief from the action of these commissioners is the object of the petition.
Let the judgment of the Circuit Court be reversed, and the cause remanded.